[ECF No. 70]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| **WCI DOE**,<br><br>         **Plaintiff,**<br><br>  v.<br><br>**MONROE TOWNSHIP SCHOOL DISTRICT, et al.,**<br><br>         **Defendants.** | **Civil No. 20-13402 (JHR/MJS)** |

**OPINION AND ORDER**

This matter is before the Court on a motion by plaintiff WCI Doe ("Plaintiff") to substitute Karen L. VanHouten, Executrix of the Estate of Paul A. VanHouten (the "Executrix"), for defendant Paul VanHouten ("VanHouten"). ECF No. 70. The motion is opposed by the Executrix. ECF Nos. 78 and 81. Defendant Monroe Township School District ("Monroe Township") has not filed any response. Pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b), the Court decides this motion without oral argument. For the reasons that follow, Plaintiff's motion is **GRANTED**.

On or about September 2, 2020, Plaintiff filed this action in the Superior Court of New Jersey, Law Division, Gloucester County against VanHouten and Monroe Township. ECF No. 1-1. Thereafter, Monroe Township filed a timely notice of removal, pursuant to 28 U.S.C. § 1331. ECF No. 1. Relevant to this motion, Plaintiff brings state law claims of assault, battery, and intentional infliction of emotional distress, as well as a claim under 42 U.S.C. § 1983, against VanHouten. ECF No. 1-1. A state grand jury also returned an indictment charging VanHouten criminally with the conduct that is the subject of this lawsuit. ECF No. 20-3. Due

1

to VanHouten's pending criminal trial, proceedings in this case have been largely stayed although Plaintiff and Monroe Township did exchange certain discovery.[1] ECF No. 36. On February 22, 2024, approximately 2 weeks before the scheduled criminal trial, VanHouten died and on March 20, 2024, Karen L. VanHouten was appointed executrix of his estate. ECF No. 70-5.

"If a party dies and the claim is not extinguished, the court may order substitution of the proper party." Fed. R. Civ. P. 25(a)(1). "A motion for substitution may be made by any party or by the decedent's successor or representative." Id. "A court considering a Rule 25 motion must address three questions: 'whether (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is a proper party.'" Cuoco v. Palisades Collection, LLC, Civ. No. 13-6592, 2014 WL 956229, at *3 (D.N.J. Mar. 11, 2014) (quoting Veliz v. Cintas Corp., Civ. No. 03-1180, 2008 WL 2811171, at *1 (N.D. Cal. July 17, 2008)).

Here, the Executrix filed a certification in opposition to Plaintiff's motion listing the assets and debts of the estate in arguing the estate is insolvent. ECF No. 78 at 2-3. The Executrix also submitted a brief that contends "Plaintiff's motion should be denied without prejudice because the probate exception deprives this Court of subject matter jurisdiction over property which, at present, is within the jurisdiction of the Gloucester County Surrogate Court." ECF No. 81 at 3. The Executrix further argues "since no action to determine the Estate's solvency can be filed until sometime after November 22, 2024, Plaintiff's motion is premature." Id. The opposition does not otherwise address the Rule 25 factors.

---

[1] VanHouten filed a motion to stay on October 29, 2020. ECF No. 6. While an Order does not appear to have been formally entered on the docket, it does not appear to be in dispute that Judge Schneider stayed the case against VanHouten on or about November 18, 2020. ECF No. 15. The Court thereafter terminated the motion [ECF No. 6] as moot. ECF No. 14.

While "the decision to substitute a party lies within a court's discretion," "Rule 25 motions to substitute are generally granted." Harley v. Warren, Civ. No. 13-7656, 2023 WL 7489989, at *2 (D.N.J. Nov. 13, 2023). "The Third Circuit embraces a liberal approach to Rule 25 and applies it with 'flexibility' to permit substitution." Id. (quoting Boggs v. Dravo Corp., 532 F.2d 897, 900 (3d Cir. 1976)). Embracing this guidance, the Court finds that the motion is within the terms of the Rule's operation.

First, the motion is timely. While no argument has been submitted concerning the timeliness of this motion under Rule 25(a)(1) and its deadline to move "within 90 days after service of a statement noting the death," the Court finds the motion comports with this aspect of the Rule. Any statement noting a defendant's death must be served on the deceased defendant's successor or representative according to Rule 4 to trigger the 90-day substitution period. See Giles v. Campbell, 698 F.3d 153, 158 (3d Cir. 2012); Bass v. Attardi, 868 F.2d 45, 50 n.12 (3d Cir. 1989); Elalem v. Chickasaw Nation Indus., Civ. No. 19-4891, 2021 WL 960749 at *3 (D.N.J. Mar. 15, 2021). The Executrix was appointed administrator of the Estate on March 20, 2024. ECF No. 70-5 at 14. No evidence suggests the date, if any, the Executrix was served in her capacity as administrator in compliance with Rule 4, but the date of her appointment is the earliest possibility. See Elalem, 2021 WL 960749 at *3. Here, the motion was filed within 90 days of March 20, 2024. And to the extent that she was not served within 90 days, nothing prevents a motion to substitute from being made prior to such service. See Cuoco, 2014 WL 956229 at *8-9.

Second, the claims have not been extinguished by VanHouten's death. The survival of state-law claims "is a substantive question that requires the court to look at the underlying survivorship law. Cuoco, 2014 WL 956229, at *6. Here, New Jersey's survival statute,

3

N.J.S.A. 2A:15-4, provides that Plaintiff's claims against the Executrix are "not extinguished" by Defendant's death under New Jersey law.[2] See Badillo v. Obuah, Civ. No. 10-4222, 2012 WL 4194020, at *1-2 (D.N.J. Sept. 17, 2012) (granting a motion to substitute the executor of a defendant's estate as a defendant because death did not extinguish claims under state tort law and 42 U.S.C. §1983 for physical injuries sustained after "unprovoked assault"). The Court further finds that Plaintiff's claim pursuant to 42 U.S.C. § 1983 survives the death of a defendant. See Id. at *3; Friedland v. Fauver, 6 F.Supp.2d 292, 312 (D.N.J. 1988).

Third, the Executrix is a proper party. As the Eighth Circuit Court of Appeals has explained, "a proper party in relation to a decedent's estate can be either '(1) the primary beneficiary of an already distributed estate . . . (2) named in a will as the executor of the decedent's estate, even if the will is not probated . . . or (3) the primary beneficiary of an unprobated intestate estate which need not be probated.'" Harley, 2023 WL 7489989, at *3 (quoting In re Baycol Prods. Litig., 616 F.3d 778, 784-85 (8th Cir. 2010)); see also Ashley v. Ill. Cent. Gulf R. Co., 98 F.R.D. 722, 724 (S.D. Miss. 1983) (explaining that "[u]nless the estate of a deceased party has been distributed at the time of the making of the motion for substitution, the 'proper' party for substitution would be either the executor or administrator of the estate of the deceased. 'Successors' would be the distributees of the decedent's estate if his estate had been closed.")). Here, the records are clear that the "executor or administrator" is Karen L. VanHouten. Karen L. VanHouten's status as executrix of the estate is evidenced

---

[2] N.J.S.A. 2A:15-4 provides: "Where any testator or intestate shall, in his lifetime, have taken or carried away or converted to his use, the goods or chattels of any person, or shall, in his lifetime, have committed any trespass to the person or property, real or personal, of any person, such person, his executors or administrators, shall have and may maintain the same action against the executors or administrators of such testator or intestate as he or they might have had or maintained against the testator or intestate, and shall have the like remedy and process for the damages recovered in such action as are now had and allowed in other actions against executors or administrators."

4

by the docket report from Gloucester County Surrogate Court, ECF No. 70-5 at 2, and by Karen L. VanHouten's certification, ECF No. 78 at 1. Accordingly, as executrix of the estate, Karen L. VanHouten is the proper substitute defendant for Plaintiff's claims against the decedent.

Finally, the Court finds that the Executrix's invocation of the "probate exception" in arguing the estate should not be substituted for the decedent is misplaced. Plaintiff's action for damages against the estate in its entirety is not covered by the "probate exception." The Third Circuit reaffirmed the United States Supreme Court's longstanding explanation of the scope of the probate exception:

> [W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court.
>
> [Three Keys Ltd. v. SR Util. Holding Co., 540 F.3d 220, 226 (3d Cir. 2008) (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)).]

Stated another way, "unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of the probate court, the probate exception does not apply." Id. at 227. Here, this is not the case. See McKibben v. Chubb, 840 F.2d 1525, 1529 (10th Cir. 1988) ("Federal courts have only limited power in probate matters and may not probate or administer a will. However, they may 'entertain actions against administrators, executors, or other claimants in which plaintiffs seek to establish claims against an estate.'") (internal citations omitted); Marshall v. Marshall, 547 U.S. 293, 311-13 (2006) (probate exception did not apply to tort action seeking in personam judgment against decedent, in contrast to proceedings seeking to probate a will or

5

determine the rights of property in the custody of a probate court); cf. Matter of Est. of Lagano, Civ. No. 20-10793, 2020 WL 9172828, at *4-6 (D.N.J. Nov. 25, 2020) (applying the probate exception to a claim of fraudulent transfer, because adjudication of the claim would require the district court to determine the rightful owner of the funds in question, which were already subject to probate proceedings).

**IT IS**, therefore, on this **13th** day of **December 2024**,

**ORDERED** that Plaintiff's motion to substitute Karen L. VanHouten, Executrix of the Estate of Paul A. VanHouten, for VanHouten is **GRANTED**; and it is further

**ORDERED** that the Executrix shall file a responsive pleading within 30 days of this Order, as the Court observes that no responsive pleading was filed by VanHouten due to the earlier order partially staying this case; and it is further

**ORDERED** that there will be a telephone status conference on **January 7, 2025** at **9:30 a.m.** with all counsel. The call-in number is **856-219-8988**, access code **605 585 611#**.

s/ Matthew J. Skahill
MATTHEW J. SKAHILL
United States Magistrate Judge